UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| GEORGE FREEMAN, | § | |
| *Plaintiff* | § | |
| | § | |
| v. | § | Case No.  SA-25-CA-00163-XR |
| | § | |
| FRANK    BISIGNANO,    ACTING | § | |
| COMMISSIONER OF SSA; | § | |
| *Defendant* | § | |

## ORDER ADOPTING REPORT AND RECOMMENDATION

On this date, the Court considered United States Magistrate Judge Elizabeth S. Chestney's Report and Recommendation (ECF No. 16) (the "R&R").  Judge Chestney recommends that the Court vacate the Commissioner's finding that Plaintiff is not disabled and remand this case for further fact-finding and proceedings.  After careful consideration, the R&R is **ACCEPTED**, the Commissioner's decision that Freeman is not disabled is **VACATED**, and this case is **REMANDED** for further fact-finding and proceedings in accordance with the R&R and this Order.

## BACKGROUND

### I.  Plaintiff's Application and Administrative Proceedings

In June 2023, Plaintiff George Freeman filed an application for a period of disability and disability insurance benefits,[1] alleging a disability onset date of February 15, 2023.  Tr. 14, 31, 151, 182–85.  The application is based on post-traumatic stress disorder ("PTSD"), hip replacement, arthritis, limited seating, limited standing, migraines, and high blood pressure.

---

[1] The Administrative Law Judge said Freeman filed his application on June 7, 2023.  Tr. 14, 31.  But the Notice of Hearing and the Application Summary sent to Freeman suggest that he filed on June 8, 2023.  Tr. 151, 182.  Whether Freeman filed the application on June 7 or June 8, 2023, makes no difference here.

1

Tr. 222.  Plaintiff has also been diagnosed with alcohol use disorder.  *E.g.*, Tr. 445, 1301; *see* Tr. 16.  At the time of his application, Freeman was 46 years old with at least a high school education and work experience as a vocational training instructor and sports instructor.  Tr. 29, 66. He served in the United States Air Force from 1995 to 2017, including four combat-zone deployments to Afghanistan and Iraq.  Tr. 442, 1747.  Since December 1, 2017, Freeman has had a 100 percent service-connected disability rating through the Veterans Administration, including a rating of 70 percent for PTSD, 30 percent for migraine headaches, and 10–50 percent for various physical conditions.  Tr. 449, 1644.

The Social Security Administration denied Freeman's application both initially and on reconsideration.  Tr. 91–99.  Freeman requested an administrative hearing, which took place before Administrative Law Judge ("ALJ") David Wurm.  Tr. 100–104; 36–68.  Freeman and a vocational expert testified.  Tr. 36–68.  As to his mental limitations, Freeman testified that he takes medication for PTSD and sees a mental health counselor for both PTSD and alcohol use.  Tr. 53–54.  He also testified that he continues to have dreams and flashbacks related to his military trauma, which can be triggered by crowds, loud noises, or people getting too close to him.  Tr. 54.  He testified that he is irritable, loses his temper easily, struggles to concentrate and maintain focus, is hypervigilant, and sometimes loses interest in doing anything.  Tr. 55–57.  He also does not go anywhere without his wife.  Tr. 58.

## II.  The ALJ's Decision

The ALJ issued an unfavorable decision on October 2, 2024.  Tr. 11–35.  In doing so, he followed the usual five-step framework to determine whether a claimant is disabled.  Under that framework, the ALJ sequentially determines:

> (1) whether the claimant is presently performing substantial gainful activity;
> (2) whether the claimant has a severe impairment; (3) whether the impairment

meets or equals a listed impairment; (4) whether the impairment prevents the claimant from doing past relevant work; and (5) whether the impairment prevents the claimant from performing any other substantial gainful activity.

*Salmond v. Berryhill*, 892 F.3d 812, 817 (5th Cir. 2018) (quoting *Kneeland v. Berryhill*, 850 F.3d 749, 753 (5th Cir. 2017)). "The claimant bears the burden of proof on the first four steps, but the Commissioner bears the burden on the fifth step." *Id.* (quoting *Myers v. Apfel*, 238 F.3d 617, 619 (5th Cir. 2001)). "If the claimant is found to be disabled or not disabled at a step, then that determination ends the inquiry." *Keel v. Saul*, 986 F.3d 551, 555 (5th Cir. 2021).

After addressing steps one through three, the ALJ determined Freeman's "residual functional capacity" ("RFC")—that is, the most Freeman can do in a work setting despite his limitations. 20 C.F.R. § 404.1545(a)(1). RFC is used in considering the fourth and fifth steps of the five-step framework outlined above. 20 C.F.R. § 404.1545(a)(5). The ALJ's RFC determination is at the core of Freeman's appeal.

In determining Freeman's RFC, the ALJ first considered non-opinion medical evidence from professionals who had treated and examined Freeman. Tr. 22, 24–26. The ALJ then considered the opinion of a consultative psychological examiner, Dr. Timothy Emge-Hoog, who found that Freeman has PTSD. Tr. 26. Dr. Emge-Hoog also found that Freeman's "ability to understand and remember instructions and apply information for" one- and two- "step activities is intact." Tr. 27, 1749. The ALJ found Dr. Emge-Hoog's opinion unpersuasive for two reasons. First, the opinion only addressed simple instructions, which the ALJ found inconsistent with evidence that Freeman had at least average fund of knowledge, normal attention and concentration, normal memory, and intact thought content and process. Tr. 27. Second, Dr. Emge-Hoog's opinion did not include a limitation on Freeman's social interactions despite evidence of such a limitation. *Id.*

The ALJ also considered opinion evidence and prior administrative medical findings from initial and reconsideration-level State Agency Psychological Consultants ("SAPCs").  Tr. 27–28.  Both SAPCs found that Freeman's PTSD is not severe.  *Id.*; Tr. 73, 80.[2]  The ALJ determined that both SAPC opinions were unpersuasive because "[t]he evidence is consistent with a moderate limitation in interacting with others and adapting and managing oneself, consistent with a finding that [Freeman's] PTSD *is* severe."  Tr. 27–28 (emphasis added).

So the ALJ did not find any of the medical-opinion evidence on Freeman's mental impairments or their effect on his ability to work persuasive.

The ALJ ultimately determined that Freeman has an RFC allowing him to perform "light exertion work," with some exceptions.  Tr. 20.  According to the ALJ, Freeman is capable of, among other things, (1) "occasional interaction with coworkers or the public" and (2) "occasionally adapt[ing] to changes in a routine work setting."  Tr. 20.

Based on this RFC finding, the ALJ determined that Freeman is unable to perform his past relevant work but *is* capable of adjusting to other light, unskilled occupations such as a cleaner, housekeeper, marker, and mail sorter.  Tr. 29–30.  As a result, the ALJ found that Freeman is not disabled, because there are jobs that exist in significant numbers in the national economy that he can perform.  Tr. 30.

The Appeals Council declined to review Freeman's claim, Tr. 1–6, making the ALJ's decision "the Commissioner's final administrative decision" on the claim.  *Keel*, 986 F.3d at 554.

---

[2] Establishing "severity" in this context requires only a "de minimis" showing that the impairment is "more than a 'slight abnormality' that 'would not be expected to interfere with a claimant's ability to work.'"  *Salmond*, 892 F.3d at 817 (quoting *Loza v. Apfel*, 219 F.3d 378, 391 (5th Cir. 2000)).

### III. The Report and Recommendation

Freeman filed this appeal, ECF No. 1, which was referred to Magistrate Judge Elizabeth S. Chestney, Docket Entry Dated 2/13/2025.  Freeman argues that the ALJ's mental RFC finding—that Freeman can occasionally interact with coworkers and the public and can occasionally adapt to changes in a routine work setting—was erroneous because it lacked a basis in medical expert evidence.  ECF No. 10 at 3.

The R&R agrees.  It says that the ALJ "did not rely on any expert medical opinion or evidence that evaluated the effect of Plaintiff's mental limitations on his ability to work."  ECF No. 16 at 9.  "[T]he SAPCs' opinions provided no medical expert evidence related to the effect of Plaintiff's mental impairments on his ability to work, and the ALJ rejected the relevant portion of" Dr. Emge-Hoog's opinion.  *Id.*

The R&R finds that, while an ALJ can reject medical sources' opinions, "he 'cannot then independently decide the effects of Plaintiff's mental impairments on [his] ability to perform work-related activities.'"  ECF No. 16 at 9–10 (quoting *Thornhill v. Colvin*, No. 3:14-cv-335-M, 2015 WL 232844, at *10 (N.D. Tex. Jan 16, 2025)).  The ALJ "had the duty to obtain an expert medical opinion about the kinds of work tasks that Plaintiff could still perform given his mental impairments in order to fully develop the record."  ECF No. 16 at 10.

Finally, the R&R finds that the ALJ's error was not harmless, because "[i]t is not 'inconceivable' that a medical opinion would have found that plaintiff had a more restrictive mental RFC than the one determined by the ALJ and that this opinion would have affected the ALJ's findings."  *Id.*; *see Keel*, 986 F.3d at 556 ("Harmless error exists when it is inconceivable that a different administrative conclusion would have been reached even if the ALJ did not err.").

Judge Chestney thus recommends vacating the decision below and remanding for further fact-finding and proceedings.  ECF No. 16 at 10.

## DISCUSSION

Any party who desires to object to a Magistrate Judge's findings and recommendations must serve and file written objections within fourteen days after being served with a copy of the findings and recommendations.  28 U.S.C. § 636(b)(1).  The Magistrate Judge's recommendation was filed and served on February 17, 2026.  ECF No. 16.  No objections have been filed.

Because no party has objected to the Magistrate Judge's Report and Recommendation, the Court need not conduct a *de novo* review.  *See* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.").

The Court has reviewed the Report and Recommendation and finds it to be neither clearly erroneous nor contrary to law.  *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989).

## CONCLUSION

For the foregoing reasons, the Court **ACCEPTS** the Magistrate Judge's recommendation. The Commissioner's decision that Freeman is not disabled is **VACATED**, and this case is **REMANDED** for further fact-finding and proceedings in accordance with the R&R and this Order.

It is so **ORDERED**.

**SIGNED** this 9th day of March, 2026.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE